IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| VOLVO FINANCIAL SERVICES, | § | CAUSE NO. |
| A DIVISION OF VFS US LLC, | § | |
| PLAINTIFF | § | |
| VS. | § | |
| | § | |
| COMERCIALIZADORA DEL VALLE, | § | |
| LLC, DE LUCIO TRUCKS LLC, | § | |
| MIGUEL ANGEL DE LUCIO | § | |
| AND   ENRIQUETA DE LUCIO, | § | |
| DEFENDANTS | § | |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

## TO THE HONORABLE JUDGE OF SAID COURT:

Volvo Financial Services, a division of VFS US LLC ("Volvo Financial"), files its Verified Original Complaint against Comercializadora Del Valle, LLC, De Lucio Trucks LLC, Miguel Angel De Lucio and Enriqueta De Lucio (collectively "Defendants") and in support hereof would respectfully show the Court as follows:

### I. PARTIES

1.    Volvo Financial is a Delaware limited liability company and has a principal place of business located at 7025 Albert Pick Road, Suite 105 Greensboro, North Carolina 27409.

2.    Defendant, Comercializadora Del Valle, LLC ("CDV"), is a Texas limited liability company and may be served with process through its registered agent, Enriqueta De Lucio, 3606 Santa Maria, Mission, Texas 78572 or at 2625 North Cage Blvd., Pharr, Texas 78577.

3.    Defendant, Miguel Angel De Lucio ("Miguel"), is an individual resident of the State of Texas and may be served with process at 3606 Santa Maria, Mission, Texas 78572 or wherever he may be found.

4. Defendant, Enriqueta De Lucio ("Enriqueta"), is an individual resident of the State of Texas and may be served with process at 3606 Santa Maria, Mission, Texas 78572 or wherever she may be found.

5. Defendant, De Lucio Trucks LLC ("DLT"), is a Texas limited liability company and may be served with process through its registered agent, Fernando J. Elizondo, 5015 S. Bicentennial Blvd., Suite B, McAllen, Texas 78501 or at 2625 North Cage Blvd., Pharr, Texas 78577.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, and there is a complete diversity of citizenship between Plaintiff and Defendants. Volvo Financial is domiciled in Delaware, and has its principal place of business in North Carolina. In addition, the members of Volvo Financial neither reside nor are domiciled in Texas. Miguel and Enriqueta are residents of Texas. CDV and DLT are Texas limited liability companies and have their principal places of business in Texas. In addition, upon information and belief, the members of CDV and DLT are not residents of Delaware or North Carolina.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because (1) it is a district in which all Defendants reside and/or have their principal place of business; and (2) it is a district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III. FACTUAL BACKGROUND

8. On November 21, 2014, CDV executed a Direct Loan Contract with Volvo Financial (the" Contract") for the purchase of:

2

2015 Volvo VNL64T 670 VIN# 4V4NC9EHXFN919276
2015 Volvo VNL64T 670 VIN# 4V4NC9EH7FN918442
2015 Volvo VNL64T 670 VIN# 4V4NC9EH7FN919275
2015 Volvo VNL64T 670 VIN# 4V4NC9EH7FN919274
2015 Volvo VNL64T 670 VIN# 4V4NC9EH7FN919273
2015 Volvo VNL64T 670 VIN# 4V4NC9EH2FN918445
2015 Volvo VNL64T 670 VIN# 4V4NC9EH0FN918444

(the "Collateral"). A true and correct copy of the Contract and Texas Certificates of Title are attached hereto as **Exhibit "A"** and incorporated herein by reference as if fully set forth.

9. On November 21, 2014, Miguel, Enriqueta and DLT executed a Continuing Guaranty in favor of Volvo Financial (the "Guaranty"), a true and correct copy of which is attached as **Exhibit "B"**.

10. CDV defaulted on its obligations under the Contract and the Collateral was repossessed. On March 9, 2016, Volvo Financial served the Defendants with a Notice of Sale, a true and correct copy of which is attached hereto as **Exhibit "C"** and incorporated herein by reference as if fully set forth. Thereafter, the Collateral was sold by private sale.

11. After allowing Defendants all just and lawful offsets, credits, and payments, they are indebted to Volvo Financial under the Contract and Guaranty in the amount of $503,071.20 as of August 16, 2016. Interest, late charges and attorney's fees continue to accrue. Volvo Financial is the owner and holder of the Contract and Guaranty and is entitled to all payments due thereunder.

12. All conditions precedent to Volvo Financial's right to enforce the Contract and Guaranty and to obtain the relief requested herein have been performed or have occurred.

13. As a result of Defendants' failure to comply with the terms of the Contract and the Guaranty, Volvo Financial has been required to institute legal proceedings to enforce its

4628286 v1 (74500.00030.000)

rights.  Volvo Financial is seeking to recover from Defendants reasonable attorneys' fees that it incurs as allowed by law and the terms and conditions the Contract and the Guaranty.

## IV. CLAIMS FOR RELIEF

### *Breach of Contract*

14.    Volvo Financial realleges and incorporates by reference the allegations in paragraphs 1 – 13, above.

15.    The Contract and Guaranty are enforceable contracts.

16.    CDV is has breached the Contract by not paying all amounts due thereunder.

17.    DLT, Miguel and Enriqueta have breached the Guaranty by not paying all amounts due thereunder.

18.    As a result of these breaches, Volvo Financial has been damaged in the amount due under the Contract and Guaranty, plus interest and attorney's fees.

## V. PRAYER

WHEREFORE PREMISES CONSIDERED, Volvo Financial prays that Defendants be cited to appear and answer and that on final hearing or trial hereof, Volvo Financial have judgment against and recover from Defendants, jointly and severally, the following:

(a)    The outstanding amounts due under Contract and the Guaranty in the amount of $503,071.20;

(b)    Pre and Post-Judgment Interest on the outstanding amount at the highest lawful rate;

(c)    Reasonable attorneys' fees as allowed by law and the terms and conditions of the Contracts and Guaranties;

(d)    Costs of Suit; and

(e)    Such other and further relief to which Volvo Financial may show itself justly entitled.

Respectfully submitted,

KANE RUSSELL COLEMAN & LOGAN PC

By: ___/s/ Michael P. Ridulfo_____
        Michael P. Ridulfo
        SD Tex. No. 27086
        State Bar No. 16902020
        mridulfo@krcl.com
        5051 Westheimer Road, Suite 1000
        Houston, Texas 77056
        Telephone:   (713) 425-7442
        Facsimile:   (713) 425-7700

        ATTORNEYS FOR PLAINTIFF
        VOLVO FINANCIAL SERVICES,
        A DIVISION OF VFS US LLC

5

## VERIFICATION

STATE OF NORTH CAROLINA      §

                                   §

COUNTY OF GUILFORD          §

        Before me, the undersigned Notary Public, on this day personally appeared Craig K. Murphy, and, after being duly sworn, stated under oath that he is the authorized representatives for Volvo Financial Services, a division of VFS US LLC, a Plaintiff in this cause; that he has read the above Plaintiff's Verified Original Complaint and that every statement contained in the above document is within his personal knowledge and is true and correct.

Craig K. Murphy

SUBSCRIBED AND SWORN TO BEFORE ME on _____ 9-13-16 _____.

(Signature)

Kari M. Hood

(Printed Name)

Notary Public in and for the
State of North Carolina

My commission expires: _____

KARI M HOOD
NOTARY PUBLIC
FORSYTH COUNTY, NC
My Commission Expires 3-11-2017

# EXHIBIT A

# VOLVO FINANCIAL SERVICES

## Direct Loan Contract

| Customer Name: COMERCIALIZADORA DEL VALLE, LLC | Customer No.: 7661313 | Dated as of: 11/21/2014 |
|---|---|---|

**Description of Equipment Financed (The "Equipment")**

| Year | Make | Model | VIN Number | Attachment/Body |
|---|---|---|---|---|
| 2015 | Volvo | VNLG4T 670 | 4V4NC9EILXFN919276 | |
| 2015 | Volvo | VNL64T 670 | 4V4NC9EH7FN918442 | |
| 2015 | Volvo | VNL64T 670 | 4V4NC9EH8FN919275 | |
| 2015 | Volvo | VNL64T 670 | 4V4NC9EH6FN919274 | |
| 2015 | Volvo | VNL64T 670 | 4V4NC9EH4FN919273 | |

Additional Equipment listed in Exhibit A-1.

Address where Equipment will be located:
2625 N CAGE BLVD, PHARR, TX 78577

Total Trade Value: 308,000 00
Total Trade Lien: 208,518 56

Trade-In Description: 2012 Peterbilt 587 Premium Length Prem. Heigh 1XP4DP9X0CD136302 , 2012 Peterbilt 587 Premium Length Prem. Heigh 1XP4DP9X3CD136150 ; 2012 Peterbilt 587 Premium Length Prem. Heigh 1XP4DP9X7CD136149 , 2012 Peterbilt 587 Premium Length Prem. Heigh 1XP4DP9X9CD136301

| | | | |
|---|---|---|---|
| 1. | Equipment Cash Sales Price | 949,550 00 | |
| 2. | Net Trade-in Allowance (Net Value – Total Liens) | 518,56 | |
| 3. | Subtotal (1-2) | | 950,068 56 |
| 4. | Sales Tax | 2,297 91 | |
| 5. | Federal Excise Tax (% of 1) | 112,048.86 | |
| 6. | Financed Insurance | 0 00 | |
| 7. | Guaranteed Auto Protection (GAP) and/or Debt Waiver | 0 00 | |
| 8. | Origination Fees | 2,865.00 | |
| 9. | Registration/Title Fees | 231.00 | |
| 10. | Other Charges: | | |
| | Other | 434 00 | |
| | Applied Funds | 0 00 | |
| | FL Doc Stamp | 0 00 | |
| | TN Record Tax | 0.00 | |
| 11. | Total Itemized Charges | (4 through 10) | 117,876.77 |
| 12. | Cash Down Payment | | 75,000.00 |
| 13. | Amount Financed | (3+11-12) | 992,945.33 |
| 14 | Finance Charge | | 185,664.67 |
| 15 | Total Obligation | (13+14) | 1,178,610.00 |

Borrower agrees to pay the "Total Obligation" (item 15) in accordance with the following schedule (and any additional page(s) of schedule attached or see Payment Addendum for irregular payments):

| No. of Installments | Start/Due Date | Payment Amt. | Total |
|---|---|---|---|
| 60 | 01/05/2015 | $19,643 50 | 1,178,610.00 |

6. Financed Insurance. If a dollar amount is shown in item 6, Borrower has elected to finance certain insurance policies through this Direct Loan Contract (the "Contract") The terms of the insurance policies are contained in separate agreement(s) and Borrower agrees that such agreements are not part of this Contract

**Complete for Non-Titled Equipment Only**

**Delivery and Acceptance**

On _____ (the "Date of Acceptance"), each item of Equipment listed was delivered to Borrower and Borrower acknowledges its receipt and irrevocable acceptance of each item of Equipment. Borrower represents to Lender that Borrower has accepted delivery of and inspected each item of Equipment; determined that each item of Equipment contains all of the major components and accessories as agreed; each item of Equipment is in good working order and condition; and that each item of Equipment is fit for immediate and continued and conforms to Borrower's requirements without exception. If no Date of Acceptance is indicated, the Borrower agrees the date of this Contract is the Date of Acceptance

**Borrower:**
COMERCIALIZADORA DEL VALLE, LLC

Signature

ENRIQUE TRAT LUCIO
Printed Name and Title(s)

Borrower(s) Name & Address.

Legal Name(s): COMERCIALIZADORA DEL VALLE, LLC
Street Address (Place of Business): 2625 N CAGE BLVD , PHARR, TX, 78577
Mailing Address: 2625 N CAGE BLVD , PHARR, TX, 78577
State of Formation: TX   or State of Residence: TX

**Co-Borrower (if applicable):**

X_____
Signature

_____
Printed Name and Title(s)

Telephone: 956-283-9603  Fax: 956-283-9600
Federal ID # or SSN #: ____6014 Co-Borrower:
County: HIDALGO

NOTICE TO BORROWER: DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS MAY OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS. YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT YOU WERE FREE TO TAKE IT AND REVIEW IT. SEE THE FOLLOWING PAGES FOR ADDITIONAL TERMS.

Lender's Name & Address:
Name: Volvo Financial Services, a division of VFS US LLC
Street Address: 7025 Albert Pick Rd. Suite 105, Greensboro, NC 27409
Mailing Address: PO Box 26131, Greensboro, NC 27403-6131

## TERMS OF DIRECT LOAN CONTRACT

**Loan to Borrower:** The above-signed Borrower (the "Borrower," and if more than one, jointly and severally, the "Borrower") promises to pay in full the principal amount borrowed with interest, the Total Obligation set forth in Item 15 above to Volvo Financial Services, a division of VFS US LLC, a Delaware limited liability company, or order (the "Lender") at 7025 Albert Pick Road Suite 105, P.O Box 26131, Greensboro, North Carolina, 27402-6131. In addition to the Total Obligation, Borrower agrees to pay all other amounts owed to Lender under this Contract (collectively, the "Indebtedness") when due.

**Security Interest:** In order to secure payment of the Indebtedness and all other debts and obligations at any time owing from Borrower to Lender and its affiliates, Borrower hereby grants to Lender and its affiliates a security interest in and to the Equipment, together with all present and future attachments, accessions, replacements, parts, repairs, additions, substitutions, chattel paper, and proceeds, including amounts payable under any insurance policies (the "Collateral"). Borrower agrees that a photocopy or other reproduction of this Contract or of any financing statement may be filed as a financing statement.

**NO WARRANTIES; WAIVER OF CERTAIN DEFENSES:** THERE ARE NO WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, INCLUDING MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, OTHER THAN THOSE MADE BY THE MANUFACTURER OF THE COLLATERAL. BORROWER ACKNOWLEDGES THAT IT IS NOT RELYING ON ANY REPRESENTATIONS FROM LENDER (OR ANY OTHER PARTY) RELATING TO FINANCING MADE UNDER THIS CONTRACT. BORROWER AGREES THAT IT WILL NOT ASSERT AGAINST LENDER ANY CLAIMS OR DEFENSES BORROWER MAY HAVE AGAINST ANY OTHER PERSON OR ENTITY AND WILL SETTLE ALL CLAIMS, DEFENSES, SET-OFFS, AND COUNTERCLAIMS IT MAY HAVE AGAINST THE SELLER OR THE MANUFACTURER OF THE EQUIPMENT, INCLUDING, BUT NOT LIMITED TO, DEFECTS IN THE EQUIPMENT, DIRECTLY AND SOLELY WITH SELLER OR THE MANUFACTURER, AS APPLICABLE.

**Borrower's Representations:** Borrower warrants and represents that: (a) except for the security interest granted to Lender and its affiliates, the Equipment will remain free from all liens and security interests; (b) all information supplied by Borrower in any financial, credit, or accounting statement to Lender is and will be true, correct, and genuine, and Borrower consents to the ongoing review of Borrower's credit reports during the term of this Contract; (c) the Equipment is to be used only for business purposes; (d) Borrower has full authority to enter into this Contract and in so doing it is not violating any law, regulation, or agreement and has taken all necessary and appropriate actions to make this Contract binding and enforceable against Borrower in accordance with its terms; (e) any Equipment traded in is owned by Borrower and free of all security interests and liens except as stated; and (f) if Borrower is an individual, Borrower's legal name set forth above is identical to the name appearing on Borrower's most recent, unexpired driver's license issued by the state of his/her principal residence.

**Borrower's Agreements:** Borrower agrees: (a) to defend at its own cost any action, proceeding or claim affecting the Equipment; (b) to maintain the Equipment in good operating condition, repair, and appearance, and in conformity with all governmental regulations, insurance policies, and manufacturer's warranties; (c) to promptly pay all taxes, assessments, license fees, and other public or private charges when levied against the Equipment or this Contract; (d) to obtain a certificate of title and/or, if applicable, a UCC financing statement, on each item of the Equipment showing Lender's first priority security interest and to preserve and perfect that security interest; (e) to not misuse, conceal, sell, rent, lend, encumber, or transfer any of the Equipment nor permit it to be operated by or be in the possession of any other party; (f) that Lender may enter any premises at any reasonable times to inspect the Equipment; (g) to not assign or encumber any of its rights or obligations under this Contract; (h) to provide Lender with quarterly and annual financial statements within 30 and 90 days, respectively, of the end of the applicable period; (i) to reimburse Lender immediately after written notice for any expenses incurred by Lender to perform any of the obligations of Borrower; (j) to use or permit the use of each item of Equipment only in the United States (and, solely in the case of titled Equipment, in Canada for not more than 60 days during any rolling 12 calendar month period to be determined individually for each item of Equipment) in the ordinary course of its business and in compliance with all applicable laws and regulations and insurance policies, (k) that the Equipment will not be used to transport, dig, load, or haul environmentally hazardous materials, contaminants, or waste products; and (l) if Borrower is an individual, Borrower will provide Lender with written notice within 30 days of any change in Borrower's full legal name as shown on any licenses issued by the state of his/her principal residence subsequent to the date of this Contract.

**Insurance and Risk of Loss.** All risk of loss, damage or destruction of the Equipment will at all times be on Borrower. Borrower agrees to maintain, at Borrower's expense: (a) property insurance, or other insurance acceptable to Lender, protecting the Equipment from loss or damage by fire, theft and other customary risks for the greater of the Equipment's replacement cost or the Indebtedness with a deductible not to exceed $2,500 per item of Equipment, naming Lender as a loss payee on a "Lender's Loss Payable" endorsement; and (b) liability insurance in an amount not less than $1,000,000 per occurrence (collectively "Required Insurance"). Borrower must provide Lender satisfactory written evidence of Required Insurance within thirty (30) days of the commencement date of this agreement, the cancellation or expiration of such Required Insurance, or of any subsequent written request from Lender. If Borrower does not do so, Lender may obtain insurance from an insurer of Lender's choosing in such forms and amounts as Lender deems reasonable to protect Lender's interests (collectively, "Lender's Insurance"). Lender's Insurance will cover the Equipment and the Lender; it will not name Borrower as an insured and may not cover all of the Borrower's interest in the Equipment. Borrower agrees to pay Lender periodic charges for Lender's Insurance (collectively, "Insurance Charges") that include: a premium that may be higher than if the Borrower maintained the Required Insurance separately; a finance charge of up to 1.5% per month on any advances made by Lender or Lender's agents; and commissions, and billing and origination fees; any or all of which may generate a profit to Lender and Lender's agents. If Borrower fails to provide satisfactory evidence of Required Insurance by the due date, Lender may pay Insurance Charges by debiting Borrower's account under any previously authorized automatic payment. Lender shall discontinue billing or debiting Insurance Charges upon receipt of satisfactory evidence of Required Insurance. Borrower shall immediately notify Lender of any loss or damage to Equipment which makes any item of Equipment unfit for continued or repairable use. Borrower hereby irrevocably appoints Lender as Borrower's attorney-in-fact to execute and endorse all checks or drafts in Borrower's name to collect under any insurance covering Equipment. Lender may apply insurance proceeds to the Indebtedness or any other obligation of Borrower to Lender as Lender deems appropriate.

**Duty to Pay:** Any warranty, service contract, or other service financed through this Contract is separate and independent of this Contract and is the sole obligation of the issuer of such warranty, service contract, or other service. Borrower shall pay each installment on time regardless of any claimed defect in the Equipment or any other entity's breach of any warranty, service contract, or insurance policy. Each installment is due monthly without notice beginning on the "Start/Due Date" and continuing on the same day of each month thereafter.

**Late Charge and Check Charge:** A late charge of 5% of any overdue amount on any installment will be charged for each installment not received in full in immediately good funds within fifteen (15) days of its due date. Upon the occurrence of an Event of Default, the unpaid balance of the Total Obligation (net of unearned charges) will bear interest at the rate of 18% per annum or such lesser rate as is required under applicable law. All payments may at the option of the Lender be applied first to late charges, then to other charges, then to accrued and unpaid finance charges, and last to the unpaid amount financed. Borrower shall be responsible for and pay to Lender a returned check fee, not to exceed the maximum permitted by applicable law, which fee will be equal to the sum of (i) the actual bank charges incurred by Lender, plus (ii) all other actual costs and expenses incurred by Lender. The returned check fee is payable upon demand as Indebtedness secured by the Collateral under this Contract.

**Events of Default:** Each of the following is an "Event of Default" under this Contract: (a) Borrower fails to pay any installment to Lender in full when due or fails to make any other payment of the Indebtedness or any other amount due under any other agreement with, Lender or any affiliate; (b) Borrower breaches any provision, representation, or warranty of this Contract or any other contract held by, or agreement with Lender or any affiliate; (c) any of the Equipment is lost, severely damaged, destroyed, or seized; (d) Borrower or any guarantor dies, becomes insolvent, ceases to do business in the ordinary course, or has a material adverse change in its management, ownership, or control; (e) a petition in bankruptcy is filed by or against Borrower or any guarantor; (f) Borrower admits its inability to pay its debts as they come due or a receiver is appointed for Borrower or any guarantor, or (g) any guarantor, surety, or endorser for Borrower

TA ID 198 TruckTX 07.2014 g5                    -2 (5)

S00-766/313-001    310072

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

367 of 14818

VFS US LLC
PO BOX 26131
GREENSBORO, NC 27402-6131

0000897

↓ DETACH HERE ↓                                    - - -

# TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

TxDMV

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 4V4NC9EH6FN919274 | 2015 | VOLV | TR |

120191740

TITLE/DOCUMENT NUMBER                     DATE TITLE ISSUED

108303420151531758   01/20/2015

| MODEL | MFD. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| | | 17500 | TONLY01 |

PRESENT OWNER

VALLEY TRUCK CENTERS INC

ODOMETER READING

EXEMPT

OWNER

REMARKS

COMERCIALIZADORA DEL VALLE LLC          DIESEL
2625 N CAGE BLVD
PHARR, TX 78577

X
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE

DATE OF LIEN                    1ST LIENHOLDER

01/12/2015 VFS US LLC
          PO BOX 26131
          GREENSBORO, NC 27402-6131

1ST LIEN RELEASED _____
                                    DATE

BY _____
        AUTHORIZED AGENT

DATE OF LIEN                    2ND LIENHOLDER

2ND LIEN RELEASED _____
                                    DATE

BY _____
        AUTHORIZED AGENT

DATE OF LIEN                    3RD LIENHOLDER

3RD LIEN RELEASED _____
                                    DATE

BY _____
        AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR II.

SIGNATURE _____ DATE

SIGNATURE _____ DATE

SIGNATURE _____ DATE

FORM 30-D REV 04/2012          DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION

Whenever you sell or trade in a vehicle, be sure to protect yourself by filing the Vehicle Transfer Notification online at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.

Always remember to "Protect your title, Texas." For more information, go to www.TxDMV.gov and click on the "Protect your title" topic.

---

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**

► **FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

**ASSIGNMENT OF TITLE**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Valley Truck Centers Inc    4501 North Cage    Phar    TX    78577

Name of Purchaser            Street        City    State    Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.

☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale

Signature of Seller/Agent    VFS US LLC        Kari Hood    VFS US LLC

Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent            Printed Name (same as signature)

**FIRST REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser        Street        City    State    Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.

☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale            Dealer No.

Dealer's Name

Agent's Signature            Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent

Signature of Buyer/Agent            Printed Name (same as signature)

**SECOND REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser        Street        City    State    Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.

☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale            Dealer No.

Dealer's Name

Agent's Signature            Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent            Printed Name (same as signature)

**THIRD REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser        Street        City    State    Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.

☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale            Dealer No.

Dealer's Name

Agent's Signature            Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent            Printed Name (same as signature)

**LIEN**

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE.

1ST LIEN IN FAVOR OF (NAME & ADDRESS)

500-7661313-001      310073

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

383 of 14014

VFS US LLC
PO BOX 26131
GREENSBORO, NC 27402-6131

0
0
0
9
4
6

↓ DETACH HERE ↓

## TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

TxDMV

120213981

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 4V4NC9EH8FN919275 | 2015 | VOLV | TR |

TITLE/DOCUMENT NUMBER                    DATE TITLE ISSUED

| MODEL | MAX. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| VNL | | 17500 | R088757 |

10830142016105620  01/21/2015

PREVIOUS OWNER
VALLEY TRUCK CENTER INC

OWNER
COMERCIALIZADORA DEL VALLE LLC
2625 N CAGE BLVD
PHARR, TX 78577

ODOMETER READING
EXEMPT

REMARK(S)
DIESEL

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SHOW THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN                    1ST LIENHOLDER

11/21/2014  VFS US LLC
            PO BOX 26131
            GREENSBORO, NC 27402-6131

1ST LIEN RELEASED _____ DATE

BY _____
AUTHORIZED AGENT

DATE OF LIEN                    2ND LIENHOLDER

2ND LIEN RELEASED _____ DATE

BY _____
AUTHORIZED AGENT

DATE OF LIEN                    3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE

BY _____
AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

| SIGNATURE | DATE |
|---|---|
| SIGNATURE | DATE |
| SIGNATURE | DATE |

FORM 30-C REV 04/2013        DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Whenever you sell or trade in a vehicle, be sure to protect yourself by filing the Vehicle Transfer Notification online at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.

Always remember to "Protect your title, Texas." For more information, go to www.TxDMV.gov and click on the "Protect your title" topic.

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**

▶ FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

**ASSIGNMENT OF TITLE**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Valley Truck Centers Inc.  Street: 430 North Cage  City: Pharr  State: TX  Zip: 78577

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

ODOMETER READING (No Tenths): ___  VFS US LLC

Date of Sale: ___

Signature of Seller/Agent: VFS US LLC  Printed Name (same as signature): Kari Hood

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: ___  Printed Name (same as signature): ___

**FIRST REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: ___  Street: ___  City: ___  State: ___  Zip: ___

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): ___  Dealer No.: ___

Date of Sale: ___

Dealer's Name: ___

Agent's Signature: ___  Printed Name (same as signature): ___

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: ___  Printed Name (same as signature): ___

**SECOND REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: ___  Street: ___  City: ___  State: ___  Zip: ___

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): ___  Dealer No.: ___

Date of Sale: ___

Dealer's Name: ___

Agent's Signature: ___  Printed Name (same as signature): ___

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: ___  Printed Name (same as signature): ___

**THIRD REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: ___  Street: ___  City: ___  State: ___  Zip: ___

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): ___  Dealer No.: ___

Date of Sale: ___

Dealer's Name: ___

Agent's Signature: ___  Printed Name (same as signature): ___

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: ___  Printed Name (same as signature): ___

**LIEN**

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS) ___

SOO-760 1313-001    310074

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

383 of 14014



0
0
0
9
4
7

VFS US LLC
PO BOX 26131
GREENSBORO, NC 27402-6131

▼ DETACH HERE ▼

## TEXAS CERTIFICATE OF TITLE

TXDMV

TEXAS DEPARTMENT OF MOTOR VEHICLES

120213982

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 4V4NC9EH7FN918442 | 2015 | VOLV | TR |

TITLE/DOCUMENT NUMBER         DATE TITLE ISSUED

10830142016105135  01/21/2015

| MODEL | MFD CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| VNL | | 17500 | R088758 |

PREVIOUS OWNER

VALLEY TRUCK CENTER INC

ODOMETER READING
EXEMPT

OWNER

REMARK(S)

COMERCIALIZADORA DEL VALLE LLC          DIESEL
2625 N CAGE BLVD
PHARR, TX 78577

X ___

SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN                1ST LIEN HOLDER

11/21/2014  VFS US LLC
            PO BOX 26131
            GREENSBORO, NC 27402-6131

1ST LIEN RELEASED ____ DATE ____

BY ____ AUTHORIZED AGENT ____

DATE OF LIEN                2ND LIENHOLDER

2ND LIEN RELEASED ____ DATE ____

BY ____ AUTHORIZED AGENT ____

DATE OF LIEN                3RD LIENHOLDER

3RD LIEN RELEASED ____ DATE ____

BY ____ AUTHORIZED AGENT ____

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S):

| SIGNATURE | DATE |
|---|---|
| SIGNATURE | DATE |
| SIGNATURE | DATE |

FORM BC REV 04/2012     DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION

Whenever you sell or trade in a vehicle, be sure to protect yourself by filing the Vehicle Transfer Notification online at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.

Always remember to "Protect your title, Texas." For more information, go to www.TxDMV.gov and click on the "Protect your title" topic.

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**

**FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

**ASSIGNMENT OF TITLE** — Name of Purchaser: Valley Truck Centers Inc.  4301 North Cage  Pharr  TX  78577. Printed Name: Kari Hrad.

**FIRST REASSIGNMENT DEALER ONLY**

**SECOND REASSIGNMENT DEALER ONLY**

**THIRD REASSIGNMENT DEALER ONLY**

**LIEN** — LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE. 1ST LIEN IN FAVOR OF (NAME & ADDRESS)

500 - 766(3, 3 -001   31007S

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

333 of 14014

VFS US LLC
PO BOX 26131
GREENSBORO, NC 27402-6131

0000948

⬇ DETACH HERE ⬇

## TEXAS CERTIFICATE OF TITLE

TXDMV

12D213983

VEHICLE IDENTIFICATION NUMBER: 4V4NC9EHXFN919276
YEAR MODEL: 2015
MAKE OF VEHICLE: VOLV
BODY STYLE: TR

TITLE/DOCUMENT NUMBER: 10830142016104437
DATE TITLE ISSUED: 01/21/2015

MODEL: VNL
MFG CAPACITY IN TONS:
WEIGHT: 17500
LICENSE NUMBER: R088759

ODOMETER READING: EXEMPT

PREVIOUS OWNER: VALLEY TRUCK CENTER INC

OWNER: COMERCIALIZADORA DEL VALLE LLC
2625 N CAGE BLVD
PHARR, TX 78577

REMARKS: DIESEL

X _____ SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN 11/21/2014   1ST LIENHOLDER: VFS US LLC
PO BOX 26131
GREENSBORO, NC 27402-6131

FORM 30-C REV 04/2012   DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION OR MUTILATION

Whenever you sell or trade in a vehicle, be sure to protect yourself by filing the Vehicle Transfer Notification online at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.

Always remember to "Protect your title, Texas." For more information, go to www.TxDMV.gov and click on the "Protect your title" topic.

WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30-DAYS TO AVOID PENALTY.

FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

**ASSIGNMENT OF TITLE**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address.

Name of Purchaser: Valley Truck Centers Inc. — Street: 4301 North Cage — City: Pharr — State: TX — Zip: 78577

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

Date of Sale:
DOOMETER READING (No Tenths)

Signature of Seller/Agent: FS US LLC — Printed Name (same as signature): Kevi Hzok FS US LLC

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: — Printed Name (same as signature):

**FIRST REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address.

Name of Purchaser: — Street: — City: — State: — Zip:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: | DOOMETER READING (No Tenths) | Dealer No.

Dealer's Name

Agent's Signature — Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent — Printed Name (same as signature)

**SECOND REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address.

Name of Purchaser: — Street: — City: — State: — Zip:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: | DOOMETER READING (No Tenths) | Dealer No.

Dealer's Name

Agent's Signature — Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent — Printed Name (same as signature)

**THIRD REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address.

Name of Purchaser: — Street: — City: — State: — Zip:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: | DOOMETER READING (No Tenths) | Dealer No.

Dealer's Name

Agent's Signature — Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent — Printed Name (same as signature)

**LIEN**

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE.
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

# EXHIBIT B

## VOLVO FINANCIAL SERVICES

**Continuing Guaranty**

Customer No. __7661313__

For valuable consideration, each of the undersigned ("Guarantor"), jointly and severally, unconditionally guarantees to Volvo Financial Services, a division of VFS US LLC, and its affiliates and subsidiaries (each individually a "Creditor") the full, prompt, and complete payment and performance of all obligations of all sums, moneys, notes, loans, indebtedness, leases, or lease payments that shall at any time be due and payable to the Creditor and its successors and assigns, from COMERCIALIZADORA DEL VALLE, LLC ("Debtor"), whether now owing or hereafter contracted, absolute or contingent, including all liabilities or obligations that Debtor has incurred or may incur or from other dealings by which the Creditor may become in any manner a creditor of Debtor (collectively the "Obligations").

This Guaranty is a continuing guaranty and shall not be considered wholly or partially satisfied by the payment at any time of any sum or amount, due or hereafter owing upon any Obligation, but shall continue until terminated by written notice actually received by the Creditor and shall then continue, notwithstanding such termination, as to any Obligation created or incurred by Debtor prior to such receipt of termination.

To the extent permitted under applicable law, Guarantor waives (i) notice of acceptance, all notices and consents of any kind, protest, dishonor, non-payment, and demand for presentment; (ii) until the Obligations are irrevocably paid in full any claim, right, or remedy which Guarantor may now have or hereafter acquire against Debtor including the right of subrogation; and (iii) all exemptions and defenses given to sureties and guarantors (including, without limitation, any right conferred by N.C. Gen. Stat.§ 26-7 et seq.) other than the complete fulfillment, performance, and payment of all Obligations

The liability of each Guarantor is direct and unconditional. Guarantor acknowledges that the Creditor would not have entered into any transaction with Debtor without this Guaranty and that the Obligations are of substantial benefit to Guarantor. This Guaranty is a guaranty of payment and not collection The Creditor may proceed against each Guarantor without resorting to any other right, remedy, security, or entity. All of the Creditor's remedies for the Obligations or this Guaranty are cumulative Guarantor agrees that the Creditor may extend any deadline or payment due date, modify any agreement, defer acceleration, postpone the enforcement of any agreement, and release or add any collateral and any party primarily or secondarily liable without affecting the liability of any Guarantor There are no conditions precedent to this Guaranty. This Guaranty shall continue to be effective or shall be reinstated, as the case may be, if at any time any payment is rescinded, voided, or rendered void or voidable as a preferential transfer, impermissible set off or fraudulent conveyance or must otherwise be returned or disgorged as if such rescinded, avoided, voided, or voidable payment had not been made.

Guarantor represents and warrants to the Creditor that the parties executing this Guaranty are authorized to do so; and this Guaranty has been duly executed, authorized, and delivered and is enforceable against Guarantor. In the event of any dispute regarding this Guaranty, Guarantor agrees to pay all costs and expenses of the Creditor (including reasonable attorneys' fees and expenses) incurred in connection with such dispute, regardless of whether litigation or other action is instigated.

This Guaranty constitutes the entire agreement of the Guarantor regarding the guaranty of Debtor's Obligations. No amendment, modification, or waiver of any provision of this Guaranty shall be valid unless in writing and executed by an officer of the Creditor. This Guaranty shall extend to and bind the heirs, executors, administrators, successors, and assigns of each of Guarantor and the Creditor.

This Guaranty shall be governed by the internal laws of the State of North Carolina. Any provisions contrary to, prohibited by, or invalid under applicable laws or regulations shall be revised to the minimum extent necessary to make such provision enforceable, but shall not invalidate the remaining provisions of this Guaranty. To the extent permitted by applicable law the Guarantor hereby voluntarily and intentionally waives the right it may have to trial by jury in respect to any litigation in connection with this Guaranty, any other loan or lease document, or actions or statements (whether verbal or written) of any party. Time is of the essence of this Guaranty.

| | |
|---|---|
| Print Name: ENRIQUETA DE LUCIO<br>SSN: ████5238<br>Address: 3606 SANTA MARIA, MISSION, TX 78572<br><br>Date: 11/21/2014<br>Signature of Guarantor<br>X<br>SEAL | Print Name: DE LUCIO TRUCKS LLC<br>Fed ID: 99-0361517<br>Address: 2625 N CAGE, PHARR, TX 78577<br>Date: 11/21/2014<br>Title: MEMBER<br>Signature of Guarantor:<br>X<br>SEAL |
| Print Name: MIGUEL ANGEL DE LUCIO<br>SSN: ████6119<br>Address: 3606 SANTA MARIA, MISSION, TX 78572<br><br>Date: 11/21/2014<br>Signature of Guarantor<br>X<br>SEAL | Print Name:<br>Fed ID:<br>Address:<br>Date: 11/31/2014<br>Title.<br>Signature of Guarantor:<br>X<br>SEAL |

Witness:

Print Name: JEFF MULDER

Signature(s) of Guarantor(s) Must be Witnessed *Or* Notarized (Witness CAN NOT be Debtor or any Guarantor or any person employed by or related to any affiliate of Debtor or Guarantor).

State of _____ County of _____ I _____, do hereby certify that

personally appeared and executed this Guaranty before me this _____ of _____, _____.

Signature of Notary Public _____ My commission expires: _____ [SEAL]

TA ID- 176 10.2013

# EXHIBIT C

3364592                                              03.26:06 p.m.    03-09-2016        1 /6



**Volvo Financial Services**

VIA CERTIFIED MAIL
(Return Receipt Requested)

**NOTICE OF SALE**

Date: 03/09/2016

COMERCIALIZADORA DEL VALLE, LLC
2625 N CAGE BLVD
PHARR, TX 78577

Account Number: 500-7861313-001

You are hereby notified that there has been a default in the payment pursuant to a Direct Loan signed or guaranteed by you and that pursuant to the terms thereof the following described personal property that was repossessed or voluntarily surrendered by you:

| | | **Unit Description** | |
|---|---|---|---|
| **Year** | **Make** | **Model** | **VIN/Serial Number** |
| 2015 | Volvo | VNL64T 670 | 4V4NC9EH0FN918444 |
| 2015 | Volvo | VNL64T 670 | 4V4NC9EH2FN918445 |
| 2015 | Volvo | VNL64T 670 | 4V4NC9EH4FN919273 |
| 2015 | Volvo | VNL64T 670 | 4V4NC9EH6FN919274 |
| 2015 | Volvo | VNL64T 670 | 4V4NC9EH8FN919275 |
| 2015 | Volvo | VNL64T 670 | 4V4NC9EH7FN918442 |
| 2015 | Volvo | VNL64T 670 | 4V4NC9EHXFN919276 |

You are further notified that Volvo Financial Services intends to sell the above described property at a public or private sale after 3/20/2016.

The property will be sold without any warranty or representation of any kind, express or implied, with regard to the condition of the property, which is being sold "AS IS" and "WHERE IS". You may redeem the above described property prior to the sale by paying the remaining obligations due which is estimated at this time to be $887,255.60.

You are entitled to an accounting of the unpaid amount related to the property that we intend to sell. You may request an accounting by calling the Repossession Department at (877) 865-6623 ext 3824.

By: [signature]
**Susan Frazier**
Volvo Financial Services
Repossession Specialist
Fax # (336) 831-3824

IMPORTANT NOTICE: This notice is not an attempt to (i) personally collect from you a debt discharged in bankruptcy or subject to the automatic stay or (ii) a request for you to reaffirm your obligation if it was discharged in bankruptcy.

cc: MIGUEL DE LUCIO 2625 N CAGE PHARR, TX 78577
    MIGUEL DE LUCIO 3606 SANTA MARIA, MISSION, TX 78572
    ENRIQUETA DE LUCIO 3606 SANTA MARIA MISSION, TX 78572
    DE LUCIO TRUCKS LLC 2625 N CAGE PHARR, TX 78577

Volvo Financial Services          Telephone          Telefax
7025 Albert Pick Road, Ste 105 (27409)    (336) 931-4000      (336) 931-4008
P.O. Box 26131
Greensboro, North Carolina
USA

AT07.16

3364592                                                    03:26:45 p.m.    03-09-2016    2/6

**Print Your Documents**                                                   Page 1 of 1

Volvo Financial Services

PO Box 26131



7190 1158 5011 1113 0736

Greensboro   NC   27402-6131


Comercializadora Del Valle, LLC

2825 N Cage Blvd

Pharr         TX 78577


http://usgson271/sendsuite%20live/projects/image.aspx?pd=1                 3/9/2016

**Print Your Documents**

03:27:01 p.m.    03-09-2016    3 /6

Page 1 of 1

Volvo Financial Services

PO Box 26131



7190 1168 5011 1113 0743

Greensboro  NC   27402-6131

Miguel De Lucio

.

2825 N Cage Blvd

Pharr       TX  78577

3364592

03:27:16 p.m.    03-09-2016    4 /5

Print Your Documents

Page 1 of 1

Volvo Financial Services

PO Box 26131

7190 1168 5011 1113 0750

Greensboro  NC   27402-6131

Miguel De Lucio

3606 Santa Maria

Mission        TX 78572

http://usgson271/sendsuite%20live/projects/image.aspx?pd=1

3/9/2016

Print Your Documents

Page 1 of 1

Volvo Financial Services

PO Box 26131


7190 1168 5011 1113 0757

Greensboro  NC    27402-6131

Enriqueta De Lucio

3608 Santa Maria

Mission          TX 78572

3364592
03:27·46 p.m.    03–09–2016    6 /6

Print Your Documents
Page 1 of 1

Volvo Financial Services

PO Box 26131


7190 1168 5011 1113 0774

Greensboro   NC    27402-6131

De Lucio Trucks LLC

2825 N Cage Blvd

Pharr          TX  78577