**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| VOLVO FINANCIAL SERVICES | § | CAUSE NO |
| A DIVISION OF VFS US LLC, | § | 7:16-CV-00564 |
|       PLAINTIFF | § | |
| | § | |
| VS. | § | |
| | § | |
| COMERCIALIZADORA DEL VALLE | § | |
| LLC, DE LUCIO TRUCKS LLC, | § | |
| MIGUEL ANGEL DE LUCIO, | § | |
|       DEFENDANTS | § | |

## ANSWER TO COMPLAINT AND COUNTER CLAIM

COMES NOW the defendants, COMERCIALIZADORA DEL VALLE, LLC, (CDV) and DE LUCIO TRUCKS LLC, and MIGUEL ANGEL DE LUCIO and ENRIQUETA DE LUCIO (collectively the "Defendants") by counsel and answers VOLVO FINANCIAL SERVICES' ("Plaintiff" or "Volvo") Verified Complaint as follows:

1. Defendants are without knowledge of the allegations contained in Paragraph 1 and hence can neither admit or deny the same.

2. Paragraph 2 of the Complaint is admitted.

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint is admitted.

5. Paragraph 5 of the Complaint is admitted.

6. Defendants are without knowledge of the allegations contained in Paragraph 1 and hence can neither admit or deny the same.

7. Paragraph 7 of the Complaint is admitted.

8. Paragraph 8 of the Complaint is admitted.

9. Paragraph 9 of the Complaint is admitted.

10. Defendants deny paragraph 10 and all allegations contained therein as written. Defendants admit only that the Contracts speak for themselves and that Plaintiff's renegotiation of prior contracts was unsupportive.

11.     Defendants deny paragraph 10 and all allegations contained therein as written. Defendants admit only that the Contracts speak for themselves and that Plaintiff's renegotiation of prior contracts was unsupportive.

12.     The Defendants' are without sufficient information to either admit or deny the allegations set forth in paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint is Denied.

## BREACH OF CONTRACT

14.     Defendants incorporate their answers to paragraph 1 through 13 in this Court by reference.

15.     Admitted that certain payments have not been made but the remainder of paragraph 15 asserts a legal conclusion to which no response is required or appropriate.

16.     Admitted that certain payments have not been made but denies the allegations set forth in paragraphs 16-18.

17.     Without knowledge and therefore denied.

18.     The unnumbered paragraph and subparagraphs following paragraphs following paragraph 14 constitute prayers for relief to which no response is required. However, if a response is required, the Defendant denies that the Plaintiff is entitled to such relief, and calls for the Plaintiff to prove the same.

## COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

19.     The Plaintiffs' in counter claim are Miguel Angel De Lucio & Enriqueta De Lucio whom both reside at 3606 Santa Maria, Mission, Texas 78572, or wherever they may be found.

20.     On or about November 21st, 2014 Defendants entered into a financial transaction with Volvo Financial Services, as seen in Exhibit "A" of Plaintiff's Original Complaint.

21.     The loan was evidenced by Defendants "Direct Loan Contract", also found in Exhibit "A" of Plaintiffs Original Complaint, payments of $19,643.50 to be made over a 60 month period the sum of which is noted in section 15 of the "Direct Loan Contract" as $1,178,610.00

22.     Plaintiffs experienced severe financial difficulties and contacted Volvo to explore a plan under which Plaintiffs proposed a modification of the loan amount to pay down principal amount of said loan.

23.     The parties modified the loan document to establish a more amicable payment amount and schedule under which Defendants agreed to pay.

24.     The amount of the modified loan was at or about $300.00 less than the original amount. This posed the same severe financial difficulty on Defendants.

25.     Subsequently, on or about October of 2015, Defendants made their last available payment to Volvo Financial Services. Volvo demanded that Defendants consented to the sale of the vehicles. This consent was premised on Volvo using commercially reasonable means to sell the vehicles.

26.     Prior to the parties entering the consent agreement, Defendants had arranged (sales, methods, bids) to sell vehicles. Defendants had identified a few prospective buyers who needed time to complete the due diligence and to organize their finances, but Volvo declined to delay its sale in order to permit Defendants to consummate a sale to one of the prospects. A sale to one of the Defendants prospects would have significantly reduced the deficiency under their promissory note, which deficiency is the subject of the present civil action.

## BREACH OF AGREEMENT

27.     Defendants incorporate by reference the allegations set forth in paragraphs 19- 26 above as fully restated herein.

28.     Volvo, through its agents, employees, and representatives agreed to permit Defendants to market the vehicles to perspective buyers.

29.     The parties understood that such private marketing would have resulted in savings to Defendants in that such a sale would yield a higher price than a sale by Volvo.

30.     In defiance of the parties' agreement, Volvo refused to delay its sale in order to permit Defendants to consummate the sale to their prospective buyer and proceeded to sell the vehicles in a commercially unreasonable manner, which resulted in a significant deficiency.

Wherefore, Defendants pray that the Court find that Volvo breached its oral agreement with Defendants and award them damages to compensate him for the losses that he sustained.

## BREACH OF THE COVENANT OF THE GOOD FAITH AND FAIR DEALINGS

31.     Defendants incorporate by reference the allegations set forth in paragraphs 19-26 above as though fully restated herein.

32.     The covenants of good faith and fair dealings is incorporated and made a part of every contract made under North Carolina laws.

33.     Volvo breached the covenant of good faith and fair dealings by misrepresenting to Defendants that it would forebear in exercising its right to foreclose and induced Defendants into relying on its promises.

34.     Defendants sustained monetary damages because of their reliance on the misrepresentations of Volvo.

Wherefore, Defendants pray that the Court find that Volvo breached the covenant of good faith and fair dealings and that its breach caused Defendants to suffer monetary losses and award them monetary damages to compensate him for their losses.

## FAILURE TO USE COMMERCIALLY REASONABLE METHODS TO SELL THE COLLATERAL

35. Defendants incorporate by reference all the allegations set forth in Paragraphs 19-26 above as though fully restated herein.

36. Volvo failed to use commercially reasonable methods to sell the vehicles in that it reneged on its oral agreement with Defendants to permit them to sell the vehicles in a private sale.

37. Defendants suffered monetary losses because of Volvo's failure to conduct itself in a commercially reasonable manner in in selling the vehicles.

38. Wherefore, Defendants pray that the Court finds that Volvo failed to behave in a commercially reasonable manner in selling the vehicles and that the Defendants suffered financial losses due to Volvo's conduct.

## FIRST AFFIRMATIVE DEFENSE : FAILURE TO MITIGATE LOSSES

39. Volvo's claims should be denied, because it failed to mitigate its losses permitting Defendants to assist with the sale of the vehicles. Volvo failed to market and collect the maximum value of the collateral at issue.

## SECOND AFFIRMATIVE DEFENSE: ACCORD AND SATISFACTION

40. Volvo's claims are barred by the doctrine of accord and satisfaction.

## THIRD AFFIRMATIVE DEFENSE: WAIVER

41. Volvo's claims are barred by the doctrine of Waiver

## FOURTH AFFIRMATIVE DEFENSE: FAILURE TO USE COMERCIALLY REASONABLE METHODS TO SELL THE COLLATERAL

42. Volvo's claims are barred by its failure to use commercially reasonable methods in disposing of the vehicles.

Demand For Jury Trial

The Defendant demands a Jury Trial on all counts appropriate for a Jury.

Respectfully submitted,

**THE SANCHEZ LAW FIRM**
4842 S. Jackson Rd.
Edinburg, Texas 78539
Telephone No. (956) 687-7700
Fax No. (956) 687-7708

By: /s/ Sergio J. Sanchez
       **SERGIO J. SANCHEZ**
       State Bar No. 24006617
       Federal ID#: 37229

## CERTIFICATE OF SERVICE

I, Sergio J. Sanchez, certify that I served the Defendant's Answer and Counterclaims on the Plaintiff' by delivering a copy of the same by email to its counsel of record.

By: /S/ Sergio J. Sanchez

Dated: _____